UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ G. CONTRERAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:21-cv-00846-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY [1]<br><br>(Doc. Nos. 15, 17) |

　　　　Beatriz G. Contreras ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits under the Social Security Act. (Doc. No. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 15, 17). For the reasons set forth more fully below, the Court denies Plaintiff's motion for summary judgment, grants Defendant's motion for summary judgment, and affirms the Commissioner's decision.

////

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 13).

## I.     JURISDICTION

Plaintiff protectively filed for disability insurance benefits on February 26, 2019, alleging an onset date of July 6, 2018. (AR 183-84). Benefits were denied initially (AR 70-81, 105-09), and upon reconsideration (AR 82-94, 111-15). Plaintiff appeared at a telephonic hearing before an Administrative Law Judge ("ALJ") on July 28, 2020. (AR 36-69). Plaintiff was represented by counsel, and testified at the hearing. (*Id.*). On September 22, 2020, the ALJ issued an unfavorable decision (AR 12-35), and on March 30, 2021 the Appeals Council denied review (AR 1-6). The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## II.     BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 41 years old at the time of the hearing. (*See* AR 38). She completed the eighth grade. (AR 43). She lives with her husband, two sons, and one daughter. (*Id.*). Plaintiff has work history as a harvest worker and folding machine operator. (AR 44, 61). Plaintiff testified that she stopped working because of rheumatoid arthritis symptoms in her right hand and elbow, including pain and swelling. (AR 47-48). She testified that was diagnosed with Bell's Palsy at six months old, her eyelid was removed, and she has to use eyedrops throughout the day. (AR 48-49). Plaintiff reported a burning sensation on the bottom of her feet, face, legs, and hands; recurrent vaginal infections; eye infections; and pain in her back, shoulders, and tailbone. (AR 49-50, 56). She reported that after her rheumatoid arthritis diagnosis, she stopped cooking, cleaning, playing outside with her kids, does personal care with "difficulty," gets help from her 14 year old daughter to dress herself, and never handles a phone or computer. (AR 52-53, 58). Plaintiff testified that her rheumatoid arthritis symptoms are getting a little better on her medication, but she has to stop her medication every time she gets an infection. (AR 53-54). She testified she cannot go back to work full time because of the neuropathy pain and stiffness. (AR 54-55). She gets infections "every other month or every month." (AR 57).

////

### III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### IV. FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### V.   ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 6, 2018, the alleged onset date. (AR 18). At step two, the ALJ found that Plaintiff has the following severe impairments: rheumatoid arthritis, peripheral neuropathy, small fiber neuropathy, and obesity. (*Id.*). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 19). The ALJ then found that Plaintiff has the RFC to

> lift and/or carry 20 pounds occasionally and 10 pounds frequently. She could sit 6 hours in an 8-hour workday with normal breaks. She could stand and/or walk for 4 hours in an 8-hour workday with normal breaks. This capacity most closely approximates light work as defined in 20 CFR 404.1567(b) except the claimant could occasionally climb ladders, ropes, or scaffolds and occasionally climb ramps or stairs. The claimant is able to occasionally balance, crawl, crouch, kneel, and stoop. She could frequently reach, handle, finger, and feel with the bilateral upper extremities. She must avoid concentrated exposure to extremely cold work environments.

(AR 19-20). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 28). At step five, the ALJ found that considering Plaintiff's age, education, work

1 experience, and RFC, there are jobs that exist in significant numbers in the national economy that
2 Plaintiff can perform, including routing clerk, marking clerk, and solderer.  (AR 29).  On that
3 basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social
4 Security Act, from July 6, 2018, through the date of the decision.  (AR 30).

## VI.   ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act.  (Doc. No. 1).  Plaintiff raises the following issue for this Court's review: whether the ALJ properly considered Plaintiff's symptom claims.  (Doc. No. 15 at 6-16).

## VII.   DISCUSSION

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  The ALJ first must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Id*. (internal quotation marks omitted).  "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.").  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases."  *Garrison v.*

1  *Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278
2  F.3d 920, 924 (9th Cir. 2002)).

3        Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably
4  be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning
5  the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with
6  the medical evidence and other evidence in the record" for several reasons.  (AR 21).  First, the
7  ALJ found Plaintiff's testimony was "not consistent with the objective evidence such as mild to
8  moderate physical examination findings throughout the record."  (AR 28).  Medical evidence is a
9  relevant factor in determining the severity of a claimant's pain and its disabling effects.  *Rollins v.*
10 *Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (an ALJ may not discredit a claimant's pain
11 testimony and deny benefits solely because the degree of pain is not supported by objective
12 medical evidence).  Plaintiff argues that "[b]eyond a discussion of the objective medical evidence,
13 it does not appear that the ALJ actually offered any sufficient rationale to reject the testimony,"
14 and the ALJ fails to "connect" Plaintiff's testimony to the ALJ's analysis.  (Doc. No. 15 at 10-12
15 (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("providing a summary of
16 medical evidence in support of a [RFC] finding is not the same as providing clear and convincing
17 reasons for finding the claimant's symptom testimony not credible.")).

18       However, as noted by Defendant, the ALJ's decision does cite to objective evidence in
19 support of this finding, including mild to moderate physical examinations throughout the record,
20 "rare" reports of severe joint complaints, and repeated diagnostic studies confirming low disease
21 activity and normal sedimentation rate and C-reactive protein levels, "key indicators of disease
22 activity."   (AR 21-24, 337 (normal exam), 342 (normal exam aside from mild to moderate
23 tenderness and mild swelling), 347 (moderate tenderness), 351 (mild tenderness, normal gait and
24 stance), 355, 419 (sedimentation rate and C-reactive protein within normal limits), 590, 600, 619-
25 20, 624, 626-28 (reporting felt well during the day but more pain at night), 633, 635, 641 (Vectra
26 Molecular Test scores show low rheumatoid arthritis disease activity), 644 (mild to moderate
27 tenderness, normal gait and stance, plaintiff "did not appear uncomfortable), 656 (sedimentation
28 rate and C-reactive protein within normal limits), 666 (normal gait and stance, no swelling in

hands or joints), 672. While Plaintiff fails to cite objective evidence that might tend to support her subjective claims (*See* Doc. No. 17 at 10), the Court notes the ALJ also considered objective evidence that might be considered more favorable to Plaintiff including mild to severe joint pain, recurrent vaginitis, and recurrent urinary tract infections, and reasonably found the severity of Plaintiff's symptom claims was not consistent with the objective findings. (*See* AR 21-23 (citing, *e.g.,* AR 358-59 (mild, moderate, and severe tenderness on examination but noting "good prognosis for rheumatoid arthritis"), 361-62 (mild, moderate, and severe tenderness on examination), 407, 424-537 (2018-2019 treatment for vaginitis, vulvitis, candida and gardnerella), 578 (cystoscopy and urethral dilatation results indicating double left ureteral orifices somewhat laterally placed in B1 position), 611-12 (reported pain was moderate, which was slightly worse from prior encounter and hands were sore and stiff), 666 (RA factor high). "[W]here evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The lack of corroboration of Plaintiff's claimed limitations by the objective medical evidence was a clear and convincing reason for the ALJ to discount Plaintiff's symptom claims.

Second, the ALJ found Plaintiff's impairments have been responsive to treatment. (AR 21-23, 28). A favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations. *See Tommasetti*, 533 F.3d at 1040; *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits). In support of this finding, the ALJ cites "good efficacy of treatment for claimant's Rheumatoid Arthritis. Diagnostic studies confirm the laboratory markers for Rheumatoid Arthritis have been within normal limits for nearly all of the period at issue." (AR 28, 419, 590, 600, 620, 624-25, 633, 641, 656). The ALJ additionally relied on Plaintiff's own reports of overall improvement, that her symptoms are worse at night, they are relieved with rest and medications, and morning symptoms are brief. (AR 21-24, 28, 340-41, 347, 350, 362 (60% improvement with pain medications), 407, 561, 565, 607, 619, 626 (reporting medication has reduced RA symptom) 635, 649, 665 (reporting has benefited from medication to manage RA). Plaintiff generally argues, without

citation to the record, that "[a] person who has chronic diseases like [Plaintiff] is likely to have better days and worse days" and "[t]he fact that [Plaintiff] could do somethings [sic] or felt better on some days does not mean she was able to work." (Doc. No. 15 at 13). However, as discussed *supra*, the ALJ explicitly recognized evidence in the record that could be considered more favorable to Plaintiff, and nonetheless found "some of her alleged impairments have been responsive to treatment" and therefore "do not impose a disabling degree of limitation." (*See* AR 21-24, 28); *Burch*, 400 F.3d at 679. This was a clear, convincing, and largely unchallenged reason for the ALJ to discount Plaintiff's symptom claims.

Third, the ALJ found Plaintiff's "activities of daily living as reported to the consultative examiner, are not consistent with one who suffers such severe limitations as to preclude all work activity." (AR 28). As noted by Plaintiff, a claimant need not be utterly incapacitated in order to be eligible for benefits. *Fair*, 885 F.2d at 603; *see also Orn*, 495 F.3d at 639 ("the mere fact that a plaintiff has carried on certain activities . . . does not in any way detract from her credibility as to her overall disability."). Regardless, even where daily activities "suggest some difficulty functioning, they may be grounds for discrediting the [Plaintiff's] testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012)(internal citations omitted), *superseded on other grounds by* 20 C.F.R. § 416.920(a). In support of this finding, the ALJ references Plaintiff's reports at a consultative examination in March 2020 that she "performs her own activities of daily living without assistance," cooks and cleans in her household that includes her husband and children aged 14, 16, and 24, drives, shops, and does "a little bit of walking" for exercise. (AR 25-26, 28, 539). Plaintiff generally argues that the "sporadic activities" cited by the ALJ "are not so extensive on their own to clearly undermine [her] testimony and statements without further explanation"; and further contends that the ALJ fails to "connect any specific part of [Plaintiff's] testimony to the parts of the record supporting the ALJ's decision." (Doc. No. 15 at 15-16 (citing *Brown-Hunter*, 806 F.3d at 494)).

Regardless of evidence that could be viewed more favorably to Plaintiff, it was reasonable for the ALJ to conclude that Plaintiff's own report in 2020 that she was able to perform activities

of daily living "without assistance" including shopping, cleaning, and driving, was inconsistent with the severity of her allegations, as recounted in the ALJ's decision, that she cannot get out of bed some days, does not cook, has difficulty tending to her hygiene, and her family helps her with dressing and household chores. (AR 20-21, 52-53, 58, 255); *Molina*, 674 F.3d at 1113 (Plaintiff's activities may be grounds for discrediting Plaintiff's testimony to the extent that they contradict claims of a totally debilitating impairment); *see also Tommasetti*, 533 F.3d at 1040 (ALJ may draw inferences logically flowing from evidence); *Burch*, 400 F.3d at 679 (where evidence is susceptible to more than one interpretation, the ALJ's conclusion must be upheld).  Moreover, even assuming, *arguendo*, that the ALJ erred in making this finding, any error is harmless because, as discussed above, the ALJ's ultimate rejection of Plaintiff's symptom claims was supported by substantial evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

    The Court concludes that the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom claims.

## VIII.   CONCLUSION

    A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098.  To the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence.  42 U.S.C. § 405(g).  As discussed in detail above, the ALJ properly considered Plaintiff's symptom claims.  After review, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

////

////

////

    Accordingly, it is **ORDERED**:

    1. Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED.

    2. Defendant's Cross Motion for Summary Judgment (Doc. No. 17) is GRANTED and the decision of the Commissioner of Social Security is AFFIRMED for the reasons set forth above.

3. The Clerk is directed to enter judgment in favor of the Commissioner of Social Security, terminate any pending motions/deadlines, and close this case.

Dated:     November 30, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE